CHIEF JUSTICE LINDSAY
delivered the opinion oe the court.
May 16, 1872, Boes and Lucking, who were partners, with Gegg as their surety, executed to Heneberger their promissory note, due one year from date, for the sum of $1,500, with interest from date at the rate of eight per cent per annum. Lucking died before the maturity of the note.
In August, 1875, the payee brought an action to enforce the collection of his debt. Boes and Gegg and the personal representative of Lucking were all made defendants. Lucking’s administrator interposed a defense, and before it could be disposed of judgment was rendered against Boes and Gegg.
Without objection Gegg, the surety, in the meantime filed an answer, which he made a cross-petition against Boes and Lucking’s administrator. He sought to recover against them such sum as he might be compelled to pay as surety on the note. He was compelled to satisfy the judgment before the original action against Lucking’s administrator had been determined. He then amended his petition, set out the exact amount he had paid, and sought a recovery therefor.
The court properly refused to dismiss his amended petition, upon the ground that he had not made demand of the administrator of Lucking before suit. His right of action accrued against the personal representative, and not against the deceased, and it is not such a demand as is contemplated by the 37th section of article 2, chapter 39, of the General Statutes.
But his pleadings show upon their face that judgment w’as rendered against him for interest at the rate of eight per cent, and that the sum paid by him included interest at that rate. *300 The question in this case is, whether he can recover against Lucldng’s administrator the full amount of the interest so paid.
Chapter 1554, 1 Session Acts 1871, page 61, by which it was made lawful to contract in writing for the payment of a greater rate of interest than six per cent per annum, also provided that “ after the death of the payor or obligor of a contract for the loan or forbearance of money at a higher rate of interest than six per centum per annum, such contract after maturity, and any judgment rendered thereon, shall bear six per centum per annum.”
Lucking died before the maturity of the note, and it is evident that the payee could not have required his administrator to pay eight per cent interest after its maturity.
But Gegg insists that inasmuch as he was compelled to pay a greater rate of interest on account of his contract of surety-ship, the law will imply a promise upon the part of the representative of his principal to indemnify him.
To recognize this claim would be to defeat the operation of a plain and unmistakable provision of the act under which the original contract was entered into. The supposed-hardship which it is insisted will result from a refusal to recognize it has in fact no substantial existence.
It was the duty of the surety to pay the debt at the maturity of the note. If he had done this, he would have stopped the accrual of interest against himself, and would have been entitled to legal interest against his principal’s estate on the sum paid for its benefit. He accepted indulgence from the common creditor, with notice of the fact that the estate of the deceased debtor could not be required to pay a greater rate of interest than six per cent per annum. He paid the additional interest for the indulgence extended to himself, and not for the use and benefit of Lucking’s estate.
It was not necessary that appellant should plead and rely upon the statutes against usury. All contracts to pay more *301 than legal interest are void, and the courts have no power to enforce them. If it appears from the petition of the plaintiff that he is seeking to recover usurious interest, it is the duty of the court to purge the claim of the usury before rendering judgment.
Appellant failed to make out his defense; but because the judgment is for a sum in part made up of interest for the payment of which Lucking’s estate is not legally bound, it must be reversed.
The cause is remanded for further proceedings not inconsistent with this opinion.